# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**ROBERT P. PUMPHREY, II,**

    Plaintiff,

**v.**                                             **CIVIL ACTION NO.: 3:14-CV-71**
                                                                            **(GROH)**

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

## MEMORANDUM OPINION AND ORDER
## ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge John S. Kaull. Magistrate Judge Kaull issued his R&R, [ECF 14], on November 6, 2014. In the R&R, Magistrate Judge Kaull recommends the Court grant the Defendant's Motion for Summary Judgment, [ECF 11], because substantial evidence supported the Administrative Law Judge's ("ALJ") denial of the Plaintiff's application for disability insurance benefits. Magistrate Judge Kaull further recommends the Court deny the Plaintiff's Motion for Summary Judgment, [ECF 9], and that this case be dismissed.

### I. Background

The Plaintiff filed his initial application for a period of disability and disability insurance benefits on December 22, 2011, alleging disability beginning on May 28, 2011. His alleged disability was due to a series of ailments, including post-methicillin-resistant

Staphylococcus aureus ("MRSA") chronic lung damage,[1] phlebitis, depression, post-surgery lung damage, high susceptibility to bacterial/viral infections, acute phlebitis of the upper and lower legs, lower back/lumbar pain caused by a past work injury, anxiety issues and alcoholism. His claim was denied on June 28, 2012, and again upon reconsideration on October 9, 2012. Pursuant to the Plaintiff's request for an administrative hearing, a hearing was held on October 31, 2013 before ALJ Regina Carpenter. During the October 31 hearing, ALJ Carpenter deemed it necessary to obtain medical expert testimony due to an allegation of listing-level disability that the Plaintiff asserted one day before the hearing. Accordingly, a second hearing was held on February 25, 2014. ALJ Carpenter issued her decision denying the Plaintiff's claim on March 7, 2014. The appeals council denied review of the Plaintiff's claim on May 20, 2014.

The Plaintiff filed his complaint in the instant civil action on July 2, 2014. On September 18, 2014, he filed a motion for summary judgment. The Defendant filed a motion for summary judgment on October 16, 2014. The Plaintiff responded to the Defendant's motion on October 17, 2014. Magistrate Judge Kaull issued his R&R on November 6, 2014. Magistrate Judge Kaull recommends the Court grant the Defendant's motion for summary judgment, deny the Plaintiff's motion for summary judgment and dismiss this case.

The Plaintiff timely filed his objections to the R&R on November 12, 2014, and the Defendant responded to those objections on November 19, 2014. The Plaintiff argues that

---

[1] The Plaintiff originally listed post-MRSA chronic lung damage as one of his medical conditions. However, during the October 31, 2013 hearing before the ALJ, counsel for the Plaintiff seemed to withdraw the allegation that the Plaintiff had been afflicted by MRSA.

Magistrate Judge Kaull erred in holding that the record did not contain sufficient evidence of a disability under listed impairment 4.11, concerning chronic venous insufficiency. In support of that argument the Plaintiff asserts that he has been diagnosed with stasis dermatitis, which may occur as a result of venous insufficiency. He further argues that the Defendant and the magistrate judge have engaged in multiple "post-hoc rationalizations" to justify the ALJ's conclusions. For the following reasons, the Plaintiff's objections are overruled.

## II. Standards of Review

### A. Review of the R&R

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must review *de novo* those portions of the magistrate judge's findings to which the Plaintiff objects. However, failure to file objections permits the district court to review the R&R under the standards that the district court believes are appropriate, and if parties do not object to an issue, the parties' right to *de novo* review is waived as to that issue. See Webb v. Califano, 468 F. Supp. 825, 830-31 (E.D. Cal. 1979). Therefore, this Court will conduct a *de novo* review only as to those portions of the R&R to which the Plaintiff objects and will review the remaining portions of the R&R for clear error.

### B. Review of the ALJ Decision

The Social Security Act limits this Court's review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390 (1971), and (2) whether the Commissioner applied the correct legal

standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The phrase "supported by substantial evidence" means "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." See Perales, 402 U.S. at 401 (citing Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

A reviewing court must not re-weigh the evidence or substitute its judgment for that of the Commissioner, so long as the Commissioner's decision is supported by substantial evidence. Hays, 907 F.2d at 1456. Ultimately, it is the duty of the ALJ reviewing a case, not the responsibility of the Court, to make findings of fact and to resolve conflicts in the evidence. King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This Court does not find facts or try the case de novo when reviewing disability determinations."); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion.") (footnotes omitted).

## C. Evaluation Process

To determine whether a claimant is disabled, the ALJ conducts a five-step evaluation process. 20 C.F.R. § 404.1520(a)(4). If the ALJ can find that the claimant is disabled or not disabled at a certain step, the ALJ makes a determination and does not proceed to the next step. Id. The steps are as follows:

>Step One: Determine whether the claimant is engaging in substantial gainful activity;
>
>Step Two: Determine whether the claimant has a severe impairment;
>
>Step Three: Determine whether the claimant has a listed impairment (20 C.F.R. Part 404, Subpart P, Appendix 1) and conduct a Residual Functional

Capacity ("RFC") assessment;

Step Four: Consider the RFC assessment to determine whether the claimant can perform past relevant work; and

Step Five: Consider the RFC assessment, age, education, and work experience to determine whether the claimant can perform any other work.

Davidson v. Astrue, Civil Action No. 2:11-CV-55, 2012 WL 667296, at *3 (N.D.W. Va. Feb. 28, 2012) (citing 20 C.F.R. § 404.1520(a)(4)).

Here, under the five-step process, the ALJ found that the severity of the Plaintiff's impairments, taken singly or together, in combination with the effects of his obesity, did not meet or medically equal the criteria of any listed impairment, or "listing," including listings 3.02, 3.07, 8.04 and 8.05.[2] Under an analysis of the applicability of listing 3.02, which concerns chronic pulmonary insufficiency, the ALJ found that the Plaintiff's obstructive and restrictive lung disease did not meet or medically equal that listing. Likewise, the ALJ found that the Plaintiff did not meet listing 3.07, which concerns respiratory ailments such as pneumonia. The ALJ also found that the severity of the Plaintiff's alleged skin condition did not rise to the levels required under listings 8.04 or 8.05, which concern chronic skin infections and dermatitis, respectively. Although the ALJ provided in her decision that the Plaintiff's condition did not meet or medically equal *any* of the listed impairments found at 20 C.F.R. § 404, Subpart P, Appendix 1, she did not explicitly analyze listing 4.11, concerning chronic venous insufficiency.

---

[2] The ALJ also discussed the severity of the Plaintiff's mental impairments under listings 12.04 and 12.06. The parties' current arguments do not concern the 12.00 mental disorder listings. Therefore, for purposes of this Order, the Court will address only the Plaintiff's alleged physical impairments.

## III. Discussion

Upon careful consideration of the record, the parties' motions and the R&R, the Court finds Magistrate Judge Kaull committed no clear error with regard to the portions of the R&R to which the Plaintiff does not object. As provided above, the Plaintiff's specific objections all concern listing 4.11, the listing for chronic venous insufficiency.

In order to meet the requirements of listing 4.11, a claimant must demonstrate the following:

> Chronic venous insufficiency of a lower extremity with incompetency or obstruction of the deep venous system and one of the following: (A) Extensive brawny edema . . . involving at least two-thirds of the leg between the ankle and knee or the distal one-third of the lower extremity between the ankle and hip or (B) Superficial varicosities, stasis dermatitis, and either recurrent ulceration or persistent ulceration that has not healed following at least 3 months of prescribed treatment.

20 C.F.R. § 404, Subpt. P, App. 1. In this case, the Plaintiff argues that the evidence in the record was sufficient to support a determination that he had successfully met the listing 4.11B requirements, in part because the Plaintiff received a diagnosis of stasis dermatitis, which had not healed following at least three months of prescribed treatment. Therefore, the Plaintiff asserts that it was error for the ALJ to omit an explicit analysis of listing 4.11 from her decision.

A reviewing court cannot determine if an ALJ's findings are supported by substantial evidence unless she explicitly indicates the weight she gave to all of the relevant evidence. Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984). But an ALJ is not obligated to comment on every piece of evidence presented. Lilly v. Astrue, Civil Action No. 5:07-CV-77, 2008 WL 4371499, at *3 (N.D.W. Va. Sept. 22, 2008). Instead, the ALJ must provide a minimal level of analysis that enables reviewing courts to "track the ALJ's reasoning and

be assured that the ALJ considered the . . . important evidence." Id. (quoting Green v. Shalala, 51 F.3d 96, 101 (7th Cir. 1995)). When a person claims to be disabled under the listings, he or she bears the burden of presenting evidence to demonstrate that an alleged impairment meets or medically equals a listed impairment. Kellough v. Heckler, 785 F.2d 1147, 1152 (4th Cir. 1986). In the Fourth Circuit, an ALJ's duty to identify the listed impairments relevant to a claimant's allegations, and to then compare those listed impairments to the claimant's alleged symptoms, "is only triggered if there is ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments." Ketcher v. Apfel, 68 F. Supp. 2d 629, 645 (D. Md. 1999) (citing Cook v. Heckler, 783 F.2d 1168 (4th Cir. 1986)). Accordingly, when the record in a given case does not contain ample evidence demonstrating that a certain listing has been met, the ALJ is under no obligation to provide an analysis of that listed impairment in her decision. See Richardson v. Comm'r Soc. Sec. Admin., Civil Action No. SAG-13-468, 2014 WL 996860, at *2 (D. Md. Mar. 12, 2014).

Here, the Plaintiff's objections to the R&R address the ALJ's failure to analyze listing 4.11 in her decision and the magistrate judge's subsequent determination that the evidence in the record did not satisfy a listing 4.11 analysis. The Plaintiff reiterates an argument made in both his motion for summary judgment and in his response to the Defendant's motion. In short, he posits that because the ALJ did not analyze listing 4.11 in her decision, the magistrate judge's determination that the record contained no evidence of chronic venous insufficiency was a "post-hoc rationalization." In response to this argument, the Defendant maintains that the ALJ was not required to discuss listing 4.11 because the record contained insufficient evidence of chronic venous insufficiency. See id. (citing

Ketcher, 68 F. Supp. 2d at 645). The magistrate judge agreed with the Defendant and, upon conducting a thorough review of the record, found that there was no evidence of "[c]hronic venous insufficiency of a lower extremity with incompetency or obstruction of the deep venous system," as described in the initial requirement of listing 4.11. Accordingly, he found that the "records detailing Plaintiff's diagnoses and treatment are insufficient to satisfy Listing 4.11B."

Upon a *de novo* review of the record, this Court agrees there is insufficient evidence to support a determination that the Plaintiff has met listing 4.11. While the statements of the Plaintiff's primary care physician include a diagnosis of stasis dermatitis, the record contains no evidence of chronic venous insufficiency of a lower extremity with incompetence or obstruction of the deep venous system. Accordingly, the ALJ was not obligated to directly analyze the requirements of listing 4.11 or the Plaintiff's failure to meet them. See Almodovar v. Astrue, Civil Action No. CV-11-9227-SP, 2012 WL 3809743, at *4, *4 n.7 (C.D. Cal. Aug. 31, 2012) (finding that the appeals council's error in failing to acknowledge a claimant's diagnosis of stasis dermatitis was harmless, as the claimant was not diagnosed with chronic venous insufficiency and "[a] mere finding of stasis dermatitis on one occasion does not render plaintiff disabled."); cf. Chaplick v. Colvin, Civil Action No. 3:13-CV-0745, 2014 WL 4258333, at *18 (M.D. Pa. Aug. 26, 2014) (finding that, although a claimant provided evidence of superficial varicosities, the ALJ's decision that the claimant's deep venous thrombosis did not meet listing 4.11 was supported by substantial evidence).

The Plaintiff argues that evidence he was diagnosed with stasis dermatitis, a skin condition, serves as conclusive proof of chronic venous insufficiency and satisfies listing

8

4.11. In her decision, the ALJ's analysis of the Plaintiff's alleged skin condition was detailed. The ALJ referenced the most relevant portions of the record regarding stasis dermatitis, including the treatment notes of the Plaintiff's primary care physician and a letter the physician wrote to counsel for the Plaintiff in advance of the Plaintiff's administrative hearing. The ALJ discussed the Plaintiff's allegation that his skin condition met listing 8.04 or 8.05, two listings that concern skin disorders. The ALJ found that the Plaintiff failed to meet listing 8.04, as there was no evidence of "extensive fungating or extensive ulcerating skin lesions" and that he likewise failed to meet listing 8.05, as there was no evidence of "extensive skin lesions as defined by the listings." The ALJ further noted that the Plaintiff testified he never used prescribed medication, and also that the Plaintiff's primary care physician demonstrated uncertainty as to what skin condition to diagnose after examining the Plaintiff, "vacillating between varicose veins, psoriasis, or venous stasis dermatitis."

The Plaintiff objects to a reference to listings 8.04 and 8.05 that appears in the magistrate judge's R&R. The magistrate judge made the reference during a discussion of the Plaintiff's failure to meet listing 4.11. As provided above, in finding that the ALJ's decision was supported by substantial evidence, the magistrate judge found the record contained no evidence of chronic venous insufficiency that would meet the requirements of listing 4.11. The magistrate judge's discussion of the Plaintiff's failure to meet listing 4.11 contained the following sentence: "Here, the ALJ considered Plaintiff's skin condition, as her decision contains a detailed discussion of Listings 8.04 and 8.05."

In his objections, the Plaintiff asserts that "the Magistrate's findings, that the ALJ performed her duty of analyzing Listing 4.11 by simply analyzing Listing 8.04 and 8.05 make no sense." Of course, the Plaintiff has mischaracterized the magistrate judge's

9

statement. The magistrate judge did not find that the ALJ had thoroughly analyzed listing 4.11 by way of analyzing the Plaintiff's skin condition under listing 8.04 and 8.05. Instead, Magistrate Judge Kaull found that "there is not ample evidence in the record to support a determination that Plaintiff's impairment met or equaled Listing 4.11B," and therefore that "the ALJ did not err by not discussing that Listing in her decision."

That being said, the ALJ's discussion of the Plaintiff's alleged skin condition was relevant to the magistrate judge's R&R. The basis for the Plaintiff's argument that the ALJ should have found he suffered from chronic venous insufficiency is that the record contained a diagnosis of stasis dermatitis, a skin condition. Accordingly, it was not error for the magistrate judge to reference the ALJ's review of the Plaintiff's alleged skin condition. Indeed, counsel for the Plaintiff has previously submitted that the Plaintiff's alleged stasis dermatitis was sufficient to meet listings 4.11 *and* 8.04 or 8.05. In a letter dated three days before the ALJ's decision was issued, counsel for the Plaintiff wrote to the ALJ with the following message: "After further review of the Listings, Mr. Pumphrey now submits this short note to highlight that Mr. Pumphrey's stasis dermatitis likely also meets Listing 4.11(B) in addition to Listing 8.04 and/or 8.05." The Plaintiff's current argument–that the magistrate judge erred by referencing the Plaintiff's alleged skin condition–is without merit.

The Plaintiff further avers that the Defendant's arguments are arbitrary and inconsistent with medical opinions endorsed by the federal government. To that end, the Plaintiff provides a link to an article published on MedlinePlus–a National Institute of Health website produced by the National Library of Medicine–which he offers to demonstrate that the federal government finds a diagnosis of stasis dermatitis indicative of venous

insufficiency.  The Plaintiff argues that the record contains sufficient evidence the Plaintiff was diagnosed with stasis dermatitis and therefore, because the MedlinePlus article on stasis dermatitis lists venous insufficiency under "[c]auses" and provides that "[s]ome people with venous insufficiency develop stasis dermatitis," the Defendant should be estopped from arguing the Plaintiff failed to meet listing 4.11.

The MedlinePlus article at issues provides, in part, as follows:

> Stasis dermatitis and ulcers: Stasis dermatitis is a change in the skin that occurs when blood collects (pools) in the veins of the lower leg. . . . Causes: Venous insufficiency is a long-term (chronic) condition in which the veins have problems sending blood from the legs back to the heart.  Some people with venous insufficiency develop stasis dermatitis. . . . Symptoms: You may have symptoms of venous insufficiency . . . .

See Stasis dermatitis and ulcers, MedlinePlus (last visited June 23, 2015), http://www.nlm.nih.gov/medlineplus/ency/article/000834.htm.

The Plaintiff's argument is a non-starter.  The Plaintiff asserts that "the Executive Branch is arguing against itself in order to try and support its position in this claim."  Not so. In moving for summary judgment, the Defendant averred that "Plaintiff's mere citations to his prescriptions or to diagnoses of stasis dermatitis are not sufficient to satisfy the listing." The Defendant further argued, correctly, that in spite of the references to stasis dermatitis found in the record, the Plaintiff failed to present evidence that he met the threshold requirement of listing 4.11.  This Court finds the Plaintiff's evidence to be far from ample and plainly insufficient to establish that the requirements of listing 4.11 have been met. The magistrate judge's review was proper and the Plaintiff's estoppel argument fails.

For the reasons provided above, this Court finds that the ALJ's decision was supported by substantial evidence and that Magistrate Judge Kaull's R&R should be

adopted.

## IV. Conclusion

Accordingly, because substantial evidence supported the ALJ's decision and any error on his part was harmless, the Court **OVERRULES** the Plaintiff's Objections. Upon review of the above, it is the opinion of this Court that the Report and Recommendation, [ECF 14], should be, and is, hereby **ORDERED ADOPTED**. The Court **ORDERS** that the Defendant's Motion for Summary Judgment, [ECF 11], be **GRANTED** and the Plaintiff's Motion for Summary Judgment, [ECF 9], be **DENIED**. The Court further **ORDERS** that this matter be **DISMISSED WITH PREJUDICE** and that it be stricken from this Court's active docket.

Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter a separate order of judgment in favor of the Defendant.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** June 23, 2015

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE